STATE *vs.* JOHN E. COLLINS.

WASHINGTON—JUNE 7, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Criminal Law. Complaint. Motion to Quash.*

A motion to quash a complaint raises only those objections apparent on the record. A proper complaint is not rendered void by misconduct of a judge at the trial. For such errors an appeal is provided.

*Semble*, there is no prohibition in the statutes of the holding of the offices of district judge and member of the town council by the same person. They are not necessarily incompatible. In cases where such a district judge might be called on to review an order of the town council, the proceedings might not be quashed, but should be certified, under Gen. Laws cap. 228, § 16, to the court of an adjoining district.

(2) *Evidence.*

Exceptions relating to the admissibility of evidence are cured by the introduction of testimony as to the same facts later and without objection.

(3) *Requests to Charge. Evidence. New Trial.*

The defendant requested the court to charge: "Under this evidence and upon this complaint the defendant cannot be convicted of the charge in the complaint:"—

*Held*, that the request amounted only to a request to direct a verdict for the defendant, a motion to which, as within the discretion of the court, exceptions would not lie.

(4) *Exceptions. Bringing Statement upon the Record. New Trial.*

Gen. Laws cap. 251, §§ 6, 7, require a statement of the matter to which an exception relates to be first filed in the clerk's office within a fixed time, to be allowed; and if not allowed the statement may be shown by affidavit:—

*Held*, that where a statement was not so presented it could not be brought before the court on affidavit.

COMPLAINT charging defendant with sale of intoxicating

liquor.   Heard on defendant's petition for new trial, and petition denied.

STINESS, C. J.   The defendant, having been found guilty by a jury of an illegal sale of intoxicating liquor, petitions for a new trial upon several exceptions to rulings and the claim that the verdict is against the evidence.

(1)   The first exception, in the order presented in his brief, is that the trial judge refused to quash the complaint.   The motion to quash is based upon the claim that the district judge was disqualified from trying the case in the District Court, because, being a member of the town council of the town of Westerly, which body had appropriated money to pay for expenses incurred in the prosecution of violations of the law, he was an interested party.

A motion in arrest of judgment, or its equivalent, a motion to quash, raises only those objections which are apparent on the record.   *State* v. *Paul,* 5 R. I. 185.   The complaint in this case is not defective, and, consequently, even if we assume the action of the district judge in trying the case to have been improper, the complaint could not be quashed.   A proper complaint is not rendered void by misconduct of a judge at the trial.   For such errors an appeal is provided, and the rights of a party to a fair trial are thereby preserved.   *State* v. *Roy,* 22 R. I. 538.   Also, as held in that case, an official interest in appealable cases is not a ground for quashing proceedings.   In assuming the defendant's position we do not mean to be understood as holding that there was a disqualifying interest.   There is no prohibition in the statutes of the holding of the offices of district judge and member of the town council by the same person.   They are not necessarily incompatible.   There may be cases in which such a district judge would be called upon to review an order of the town council, but, if there are such cases, they are few and of an unusual character.   In such cases the proceedings would not be quashed, but, under Gen. Laws cap. 228, § 16, they may be certified to the court of an adjoining district. It is within the province of a town council to take steps to

enforce laws by the election of police constables, and a special direction to do so, as to the liquor law, is found in Gen. Laws cap. 102, § 15. Payment for such expenses, as provided by the town, is simply carrying out these statutory provisions. In the present case there is nothing to show that any action, either of the council or the judge, had any reference to this defendant.

The motion to quash was properly refused.

The next exception relied on by the defendant is to the allowance of a question to him whether he had been sick at previous times when the case was in order for trial. As his own statement was that he had been sick, and this was not sought to be contradicted, we do not see that his testimony could in any way have been prejudicial to him, even if the purpose in asking the question had been improper.

(2)   Other exceptions, relating to the admissibility of questions to witnesses, we need not refer to, because some of them were cured, if there was error, by the introduction of testimony as to the same facts later and without objection ; and others, calling for the intentions of a witness rather than facts, were too unimportant to have affected the verdict.

(3)   The exception chiefly relied on is a refusal to charge the jury : " Under this evidence and upon this complaint the defendant cannot be convicted of the charge in the complaint." As the request specifies no ground upon which the request is based, and could not therefore direct the attention of the trial judge to any point desired to be raised, it must be dismissed. A drag-net of that sort cannot be allowed. *Newton* v. *Weaver*, 13 R. I. 616. It amounts only to a request to direct a verdict for the defendant, a motion which is in the discretion of the judge, and to which no exception lies. *Tillinghast* v. *McLeod*, 17 R. I. 208.

(4)   The last exception to be noticed relates to a statement alleged to have been made by the trial judge upon the report of the jury that they could not agree.

It does not appear in the record. Gen. Laws cap. 251, §§ 6, 7, require a statement of the matter to which an exception relates to be first filed in the clerk's office within a fixed

time to be allowed ; and if not allowed, the statement may be shown by affidavit.    As it was not so presented, it cannot be brought before us on affidavit.

The exceptions are overruled.

There was sufficient testimony to warrant the verdict, and hence it was not against the evidence.

Petition for new trial denied.

*Charles F. Stearns, Attorney-General,* for State.
*A. B. Crafts and C. A. Aldrich,* for defendant.